*Hubcz v. Waterbury*, No. 305-5-14 Wncv (Teachout, J., January 20, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                                 **CIVIL DIVISION**
**Washington Unit**                                               **Docket No. 305-5-14 Wncv**

**ADAM HUBACZ,**
        **Plaintiff**

        **v.**

**THE VILLAGE OF WATERBURY and**
**WILLIAM SHEPELUK,**
        **Defendants**

## RULINGS ON MOTIONS

**Defendants' June 30, 2014 Motion to Dismiss**

**Plaintiff's July 4, 2014 Motion for a Preliminary Injunction**

**Plaintiff's July 21, 2014 Motion to Amend First Amended Complaint**

**Plaintiff's January 16, 2015 Emergency Motion for Court Hearing Before January 28, 2015**

        Plaintiff formerly served as a Waterbury police officer. The Village Trustees terminated his employment at a hearing in January of 2012, and he sought review in the Federal Court for the District of Vermont. The case resulted in a Decision of April 15, 2014 in which the Court granted his petition for Rule 75 Review of Governmental Action, and remanded the case to the Village Trustees for further proceedings based on its determination that the Trustees did not have sufficient facts to satisfy the standard in the statute under which the termination proceedings were pursued.

        The Trustees scheduled a remand hearing, which has not yet occurred. It has been rescheduled pending action in this instant case, which was filed in May of 2014 and has been removed to Federal Court and remanded to this Court in an Opinion and Order of Judge Sessions of August 14, 2014 in which the history of the litigation is set forth. At the time of remand, there were three pending substantive motions: Defendants' Motion to Dismiss, Plaintiff's Motion for a Preliminary Injunction, and Plaintiff's Motion to Amend the First Amended Complaint. All memos on those pending motions (and others filed in the meantime) were filed as of December 15, 2014.

        On January 16, 2015, Plaintiff filed an Emergency Motion requesting that the Court schedule a hearing on its Motion for a Preliminary Injunction before January 28, 2015 due to the fact that the Trustees have recently scheduled a remand hearing for that date.

By separate entry orders issued this date, this Court has ruled on a number of procedural motions that are shown as pending on the docket. Some were addressed by the Federal Court during the period it had jurisdiction over the case and/or are now moot. Others are ruled on in the entry orders. There is a pending Motion for Rule 11 Sanctions which will be scheduled for hearing.

In this Decision, the Court addresses the most fundamental motion, which is Defendants' Motion to Dismiss. The ruling on that motion determines disposition of the other three pending motions: the Motion for a Preliminary Injunction, the Emergency Motion to hold a hearing on the Motion for a Preliminary Injunction, and the Motion to Amend the First Amended Complaint.

In this case Plaintiff seeks judgment against the Trustees for wages from January 27, 2012 forward, damages for benefits for the same period, damages and other relief for illegal retaliation, a declaration and order of reinstatement, and an injunction against proceeding with alleged illegal termination proceedings.[1]

Motions to dismiss pursuant to Rule 12(b)(6) are not favored and should only be dismissed when it is beyond doubt that there are no facts or circumstances that would entitle a plaintiff to relief. *In re Girouard,* 2014 VT 75.

That standard is met in this case. Judge Sessions specifically remanded the case to the Trustees for further proceedings to take place following his April 15, 2014 Rule 75 Review ruling specifying the deficiencies in the termination proceeding conducted by the Trustees. The Federal Court was aware of its opportunity to affirm, reverse, or modify the Trustees' decision, and specifically chose the alternative of remanding to the Trustees "for further proceedings." The Court specified that "[a]ny questions with respect to compensation may be presented to the Village Trustees for their consideration. The Court offers no opinion with respect to Hubacz's legal entitlement to back pay, damages, or attorneys' fees." The ruling was not appealed and became the law of the case.

The record suggests that the parties disagree about the effect of the ruling on whether or not Mr. Hubacz's status since January of 2012 has been as terminated or not terminated. That was the exact subject matter of the proceeding that has been remanded to the Trustees for further proceedings. In his August 14, 2014 Order remanding the case to this Court, Judge Sessions specified that: "The Court did not intend for its ruling to be used as a basis for Hubacz to claim a right to immediate reinstatement as an active duty police officer. . ."

It would be premature for this Court to address either Mr. Hubacz's termination status or any other issue that depends on that determination before the remand is complete. Plaintiff has not exhausted remedies through the pending administrative proceedings, and therefore this case must be dismissed.

As a consequence, the other pending motions must also be dismissed.

---

[1] In Plaintiff's proposed Second Amended Complaint, he proposes to add two new counts requesting orders prohibiting the Trustees from the use of certain materials.

**ORDER**

For the foregoing reasons,

Defendants' June 30, 2014 Motion to Dismiss (Motion #2) is *granted;*

Plaintiff's July 4, 2014 Motion for a Preliminary Injunction (Motion #6) is *denied;*

Plaintiff's July 21, 2014 Motion to Amend First Amended Complaint (Motion #3) is *denied;*

Plaintiff's January 16, 2015 Emergency Motion for Court Hearing Before January 28, 2015 (Motion #10) is *denied;* and

The case is not yet dismissed due to the pending Motion for Rule 11 Sanctions, which will be scheduled for hearing.

Dated at Montpelier, Vermont, this 19th day of January, 2015.

_____
Hon. Mary Miles Teachout
Superior Court Judge